IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEREK HAYES,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>    Respondent. | Case No. CV 08-0559-S-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Judgment. (Docket No. 14.) The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Docket No. 12.)

The Court finds that the parties have adequately presented the facts and legal argument in their briefing, and this matter shall be resolved on the written record without oral argument. D. Idaho L. Civil R. 7.1(d). For the reasons that follow, the Court will grant Respondent's Motion, and this case will be dismissed.

## BACKGROUND

In 2000, after Petitioner had robbed a bank in Pocatello and then led officers on a high speed chase, which ended when he collided with another vehicle, the State of Idaho charged him with two counts of robbery and one count each of grand theft and felony eluding of a police officer. (State's Lodging A-1, pp. 2-4.) Petitioner pleaded guilty to

**MEMORANDUM DECISION AND ORDER - 1**

one count of robbery and felony eluding, in exchange for the State's agreement to recommend no more than 10 years fixed, with no agreement as to the indeterminate time, and to dismiss the other charges. (State's Lodging A-2, p. 1.)

At the sentencing hearing, the State recommended life in prison, with the first ten years fixed, and five concurrent years on the eluding charge. (State's Lodging A-2, p. 57.) The State also requested restitution in the amount of $13,844.89 for damage to the vehicle that Petitioner ran into during the high speed chase. (State's Lodging A-2, p. 21.) Petitioner's counsel indicated that he did not object "to the fact that there's restitution owed on this particular vehicle," but he needed time to review the request. (State's Lodging A-2, pp. 23-24.) The trial court gave counsel a week to submit an objection, and then proceeded to sentence Petitioner to thirty years for robbery, with ten years fixed, and to five concurrent years for eluding. (State's Lodging A-2, pp. 23, 73.)

Within the time allotted, defense counsel filed an objection to the restitution request, claiming that the amount requested exceeded the cost of the repairs on the vehicle and that Petitioner would be unable to repay the amount while in prison. (State's Lodging A-1, pp. 90-91.) After a hearing, the court overruled the objection but reduced the restitution to $7,801.89. (State's Lodging A-1, pp. 106-09.)

Eight months later, Petitioner filed a motion to withdraw his guilty plea, claiming that he was incompetent to plead guilty, the State failed to disclose exculpatory evidence, and that he received ineffective assistance of counsel. (State's Lodging A-4, pp. 2-11.) The trial court denied the motion, finding that Petitioner knowingly, voluntarily, and

**MEMORANDUM DECISION AND ORDER - 2**

intelligently entered his guilty plea. (State's Lodging A-8, p.6.) On direct appeal, the Idaho Court of Appeals affirmed Petitioner's convictions, sentences, and the denial of relief on Petitioner's motion to withdraw his guilty plea and motion to reduce his sentence, but it declined to address the ineffective assistance of counsel claims. (State's Lodging B-5.) The Idaho Supreme Court declined Petitioner's request to review the case. (State's Lodging B-8.)

Petitioner next filed a petition for post-conviction relief in state district court, claiming that his trial counsel was ineffective, in relevant part, for failing to ensure that he was competent to plead guilty and to advise him that he may need to pay restitution. (State's Lodging C-1, pp. 3-5.) The district court dismissed the petition summarily, and Petitioner appealed. (State's Lodging C-1, pp. 96-101.) The Idaho Court of Appeals affirmed the dismissal of the competency issue but remanded for further proceedings on the restitution issue. (State's Lodging D-6, pp. 8-9.)

On remand, the State offered to stipulate to dismissing the restitution order, but Petitioner would not agree. (State's Lodging E-1, p. 144.) The State then filed a motion to dismiss the restitution, which the district court granted, again over Petitioner's objection. (State's Lodging E-1, pp. 174-78.) The court denied the ineffective assistance of counsel claim on the merits, concluding that Petitioner had not been prejudiced by any of counsel's errors related to restitution because the obligation to pay had now been eliminated from the case. (State's Lodging E-1, p. 186.)

On appeal, the Idaho Court of Appeals agreed with the lower court that Petitioner

**MEMORANDUM DECISION AND ORDER - 3**

could show no prejudice, because "the restitution has been extinguished, and [Petitioner] is therefore faced with precisely the consequences that he believed he was facing when he pleaded guilty." (State's Lodging F-5, p. 5.) To the extent that Petitioner attempted to argue a separate claim that the State had breached the plea agreement by requesting restitution, the Court of Appeals found that that Petitioner had forfeited that particular issue by not raising it below, and alternatively, that it lacked merit. (*Id.*)

On December 26, 2008, Petitioner initiated the present habeas action, claiming that the "State prosecutor breached the plea agreement" by requesting restitution, making his guilty plea "involuntary, unknowing, [and] unintelligent." (Docket No. 1, pp. 2-3.) Respondent filed an Answer to the Petition and submitted the pending Motion for Summary Judgment. Petitioner filed a response.

The Court is fully advised and is now prepared to issue its ruling.[1]

## STANDARD OF LAW

The Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. Rule 11 of the Rules Governing Section 2254 Cases. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

---

[1] Petitioner has also filed a Motion to Request Relevant Records (Docket No. 13), in which he asks the Court to review an attached brief that his counsel filed in state district court and portions of a hearing transcript. The transcript is already a part of the state court record, and the Court will consider the brief to the extent that it is relevant. Accordingly, the Motion will be granted.

**MEMORANDUM DECISION AND ORDER - 4**

a matter of law." Fed. R. Civ. P. 56(c). Summary judgment procedure is applicable to habeas proceedings, *see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment must be reviewed in light of the substantive law and standards governing federal habeas proceedings.

Those standards are found in the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show that the

**MEMORANDUM DECISION AND ORDER - 5**

state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court need not cite or even be aware of the controlling United States Supreme Court decision to be entitled to AEDPA deference. *Early v. Packer*, 537 U.S. 3, 8 (2002).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

Respondent initially argues that Petitioner's due process claim based on the prosecutor's alleged breach of the plea agreement must be dismissed as procedurally barred because the Idaho Court of Appeals relied on an independent and adequate state law ground to reject the claim, though the state court alternatively found that the claim had no merit. (Docket No. 14, p. 6.) After reviewing the parties' arguments and the Idaho Court of Appeals' decision, the Court finds that it is more efficient to move directly to the merits of this claim under relevant AEDPA standards, rather than address the

**MEMORANDUM DECISION AND ORDER - 6**

potentially complex questions inherent in the doctrine of procedural default. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (noting that federal courts may choose to resolve easier matters in a habeas petition where complicated procedural default issues exist). In finding no infirmity in the guilty plea, the Idaho Court of Appeals concluded that "the [trial] court essentially ordered specific performance by removing the restitution, and [Petitioner] received exactly the benefit that he thought he had bargained for." (State's Lodging F-5, p. 5.) The state court's opinion is neither contrary to nor an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

A defendant's decision to plead guilty involves the waiver of constitutional trial rights, and to comply with due process of law the defendant must enter his or her guilty plea knowingly, intelligently, and voluntarily. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The defendant also has the right to enforce the terms of a plea agreement, and "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santabello v. New York*, 404 U.S. 257, 258 (1971).

When a prosecutor breaches a material term of a plea agreement, the defendant is entitled to some type of remedy, but that remedy need not necessarily include withdrawing the guilty plea or vacating the conviction. *Puckett v. United States*, 129 S. Ct. 1423, 1430 (2009). Instead, a defendant's right to due process can be satisfied when a court enforces the terms of the agreement and orders specific performance. *Id*. at 1430

**MEMORANDUM DECISION AND ORDER - 7**

(citing *Santabello*, 404 U.S. at 263).

That is the case here. Contrary to Petitioner's argument, his guilty plea did not become unknowing or involuntary merely because the State requested restitution at the sentencing hearing. *See Puckett*, 129 S.Ct. at 1430 ("there is nothing to support the proposition that the [prosecution's] breach of a plea agreement retroactively causes the defendant's agreement to have been unknowing or involuntary"). More to the point, when the trial court vacated the restitution order in the post-conviction matter, Petitioner was placed in the same position he would have been had the State never requested restitution. His original expectation was realized through the equivalent of specific performance, and no other remedy was due to him under these circumstances. The state court's denial of relief on that basis is not contrary to or an unreasonable application of clearly established federal law.

To the extent that the Petition also could be construed broadly as re-asserting a claim of ineffective assistance of counsel under the Sixth Amendment, it fails for essentially the same reason. To prove a Sixth Amendment violation, a petitioner must show both that his counsel's performance was deficient and that there is a reasonable probability of a different outcome but for counsel's error. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regardless of how counsel handled the restitution issue, there is no reasonable probability of a different outcome. The removal of the order returned Petitioner to the same posture that he would have held had counsel successfully objected to the request at the sentencing hearing. Also, Petitioner cannot credibly claim that he

**MEMORANDUM DECISION AND ORDER - 8**

would not have pleaded guilty, receiving the benefit of dismissed charges and a reduced prison sentence, had counsel informed him of the possibility that a restitution order would be entered but then eventually removed. The Idaho Court of Appeals' decision denying relief on this claim is likewise neither contrary to nor an unreasonable application of clearly established federal law.

For these reasons, the Court finds that there are no genuine issues of material fact, and Respondent is entitled to judgment as a matter of law.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Court's judgment, the Court on its own initiative has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. A habeas petitioner cannot appeal unless a COA has been issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court finds that reasonable jurists would not debate the Court's determination that Petitioner is not entitled habeas relief under 28 U.S.C. § 2254(d), and no COA shall

**MEMORANDUM DECISION AND ORDER - 9**

issue. Petitioner is advised that he may still seek a COA in the Ninth Circuit Court of Appeals, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal in this Court.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Request Relevant Records (Docket No. 13) is GRANTED.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Judgment (Docket No. 14) is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealabilty shall not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: March 1, 2010

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**